UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CAYUGA NATION and JOHN DOES 1-20,

                      Plaintiffs,

     -v-                                    5:14-CV-1317

HOWARD TANNER, Village of Union
Springs Code Enforcement Officer, in his
Official Capacity; EDWARD TRUFANT,
Village of Union Springs Mayor, in his
Official Capacity; CHAD HAYDEN, Village
of Union Springs Attorney, in his Official
Capacity; BOARD OF TRUSTEES OF THE
VILLAGE OF UNION SPRINGS, NEW
YORK; and VILLAGE OF UNION SPRINGS,
NEW YORK,

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| JENNER & BLOCK LLP | DAVID DEBRUIN, ESQ. |
| Attorneys for Plaintiffs | JOSHUA M. SEGAL, ESQ. |
| 1099 New York Avenue, Suite 900 | MATTHEW E. PRICE, ESQ. |
| Washington, DC  20001 | |
| | |
| HANCOCK ESTABROOK LLP | JOHN G. POWERS, ESQ. |
| Attorneys for Plaintiffs | NINA I. BROWN, ESQ. |
| 1500 AXA Tower I | |
| 100 Madison Street | |
| Syracuse, NY  13221 | |
| | |
| O'CONNELL & ARONOWITZ | CORNELIUS D. MURRAY, ESQ. |
| Attorneys for Defendants | |
| 54 State Street, 9th Floor | |
| Albany, NY  12207 | |
| | |
| OFFICE OF JOSEPH J. HEATH, ESQ. | JOSEPH J. HEATH, ESQ. |
| Attorneys for Proposed Intervenors | JENNA C. MACAULAY, ESQ. |
| 512 Jamesville Avenue | |
| Syracuse, NY  13210 | |

DAVID N. HURD
United States District Judge

## MEMORANDUM–DECISION and ORDER

## I. INTRODUCTION

On October 28, 2014, plaintiffs Cayuga Nation and John Does 1–20 ("plaintiffs") filed this action against defendants Howard Tanner, Code Enforcement Officer for the Village of Union Springs, New York ("the Village"); Edward Trufant, Mayor of the Village; Chad Hayden, the Village Attorney; the Board of Trustees of the Village; and the Village itself (collectively "defendants").  Also on that date, plaintiffs filed a motion for preliminary injunction and requested a temporary restraining order.  Generally, plaintiffs seek to enjoin defendants from restricting, interfering with, punishing, or otherwise penalizing any actions taken by the Cayuga Nation in furtherance of Class II gaming activities at Lakeside Entertainment, a gaming facility in the Village.

On October 29, 2014, an order was issued directing defendants to appear and show cause why a preliminary injunction should not be entered granting plaintiffs' requested relief. That order also temporarily restrained defendants from penalizing the Cayuga Nation for continuing the gaming operations at Lakeside Entertainment.  Thereafter, defendants consented "to the extension of the currently-entered Temporary Restraining Order pursuant to Fed. R. Civ. P. 65(b)(2) until such time as the Court rules on the presently pending preliminary injunction application."  ECF No. 19.

On November 13, 2014, the Cayuga Nation Unity Council ("the Unity Council") filed a motion to intervene as a defendant in this action as well as a motion to dismiss. Defendants then filed a motion to dismiss.  Briefing on the motion for preliminary injunction

and the motions to dismiss have been stayed pending the resolution of the Unity Council's

motion to intervene, which has been fully briefed.  Oral argument on the motion to intervene

was heard on December 17, 2014, in Utica, New York.  Decision was reserved.

## II.  **FACTUAL BACKGROUND**

The following pertinent facts have been gleaned from plaintiffs' complaint and the

memoranda, declarations, and exhibits filed in relation to the motion to intervene.  Lakeside

Entertainment initially opened in 2004, closed in October 2005, and reopened in July 2013.

Cayuga Nation members Clint Halftown ("Halftown"), Tim Twoguns ("Twoguns"), and Gary

Wheeler ("Wheeler") orchestrated the reopening of the facility, which they maintain is in

accordance with federal law.  In the underlying action, plaintiffs and defendants dispute the

applicability of state and local anti-gaming laws and the need for a license and certificate of

occupancy to continue operation of the facility.

According to plaintiffs, the parties entered into a "Standstill Agreement" through which

the facility remained open without interference from Village authorities.  However, on October

27, 2014, counsel for the Village advised plaintiffs that it intended to bring an enforcement

action pursuant to a local ordinance.  Plaintiffs filed this action and the motion for preliminary

injunction the following day.  Halftown, Twoguns, and Wheeler authorized the filing of this

action.

The motion to intervene stems from an ongoing dispute over the leadership of the

Cayuga Nation.  The Unity Council alleges that Halftown, Twoguns, and Wheeler were

removed from leadership positions within the Cayuga Nation in 2005 and 2011 and,

therefore, have no authority to represent the Nation or file lawsuits on its behalf.[1]  Instead,

the Unity Council claims to be the lawful governing body of the Cayuga Nation since its

formation in 2011.  Plaintiffs dispute the Unity Council's claim to leadership of the Cayuga

Nation and note that the leadership issue is the subject of an ongoing proceeding before the

United States Department of the Interior, Bureau of Indian Affairs ("BIA").  They further report

that the BIA and the National Indian Gaming Commission continue to interact with and

recognize Halftown, Twoguns, and Wheeler as representatives of the Cayuga Nation.[2]  A

brief summary of the pending BIA proceeding is warranted.

On August 19, 2011, Franklin Keel, Director of the Eastern Region of the BIA, issued

a decision acknowledging the removal of Halftown, Twoguns, and Wheeler from the Nation's

Council and recognizing the Unity Council "for purposes of the government-to-government

relationship between the United States and the Cayuga Nation."  Heath Decl., Ex. D, ECF

No. 27-12, 5.[3]  Halftown, Twoguns, and Wheeler appealed that decision to the Interior Board

of Indian Appeals ("IBIA").

On January 16, 2014, the IBIA issued an order vacating the Regional Director's

decision as an impermissible infringement on the sovereign right of the Cayuga Nation to

resolve its internal leadership dispute.  Specifically, the IBIA vacated the decision "without

---

[1]  The Unity Council, which is fundamentally opposed to gambling, further argues that the Lakeside Entertainment facility was never authorized by the lawful government of the Cayuga Nation and its operation violates Cayuga Nation Law.

[2]  Plaintiffs suggest the Unity Council's attempt to intervene here is merely an attempt to shut down Lakeside Entertainment, thereby depriving plaintiffs of a valuable revenue source.  They describe the Unity Council as a group of dissidents that have resorted to force and violence to seize certain Cayuga Nation property.  Further, they report that the Unity Council is on the verge of collapse as two members have announced their decision to secede.

[3]  The pagination corresponds to the page numbers as assigned on CM/ECF.

expressing any view on the merits of the underlying dispute, the current leadership of the Nation, or the identity or scope of authority of any individual to represent or take action on behalf of the Nation." Cayuga Indian Nation v. E. Reg'l Dir., 58 I.B.I.A. 171, 172 (2014); Heath Decl., Ex. E, ECF No. 27-13, 4.  On May 15, 2014, Regional Director Keel sent a letter to the Cayuga Nation seeking each side's views on several matters raised by the IBIA's order.  This letter reiterated that the BIA "does not express any view recognizing either side." Heath Decl., Ex. A, ECF No. 27-9, 4.  At oral argument, plaintiffs' counsel reported that the matters before the BIA were fully briefed as of July 2014, and the parties are awaiting a recognition decision.

## III.  **DISCUSSION**

The Unity Council seeks to intervene as a defendant[4] in this action pursuant to Federal Rule of Civil Procedure 24.  Whether to grant a motion to intervene is subject to the district court's discretion.  See Floyd v. City of New York, 770 F.3d 1051, 1057 (2d Cir. 2014) (per curiam).  To succeed on such a motion, a party must:  (1) file a timely application, (2) show an interest related to the subject matter of the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not adequately protected by the parties.  Id. at 1058.  "Failure to satisfy any one of these four requirements is a sufficient ground to deny the application." Id. (internal quotation marks omitted).

As a threshold issue of subject matter jurisdiction, the Unity Council must demonstrate

---

[4]  How the Unity Council fits into this case as a defendant is difficult to understand.  There are no claims against the Unity Council, and the Unity Council does not seek to assert any counter- or cross-claims. Instead, it has filed a motion to dismiss the complaint for lack of standing and subject matter jurisdiction.  A similar motion, filed by defendants, is pending.

that it has standing under Article III of the Constitution. <u>Cal. Valley Miwok Tribe v. Salazar</u>, 281 F.R.D. 43, 46 (D.D.C. 2012). Indeed, as the Unity Council asserts in its own motion to dismiss, the existence of subject matter jurisdiction depends, at least in part, on whether the party filing the lawsuit or asserting claims has the authority to do so. <u>See</u> Mem. Supp. Dismiss, ECF No. 28-1, 4 ("Only the lawful government of the Cayuga Nation can authorize the filing of a lawsuit on the Nation's behalf." (citing <u>Williams v. Lee</u>, 358 U.S. 217 (1959)).

The Unity Council has failed to demonstrate that it is the legally recognized governing body of the Cayuga Nation at this time.[5]  Counsel conceded as much at oral argument and, in his motion papers, claims that the BIA "currently does not recognize any individual as a leader of the Cayuga Nation." <u>See</u> Heath Decl. ¶ 9, ECF No. 27-8. Indeed, the Regional Director's decision recognizing the Unity Council was vacated by the IBIA in January 2014. Therefore, at this juncture, the BIA does not recognize the Unity Council as the lawful government of the Cayuga Nation. This distinguishes this matter from <u>California Valley Miwok Tribe</u>, which the Unity Counsel repeatedly cites in support of intervention. The proposed intervenor in that case, a "General Council," had been recognized by the BIA as the legitimate government of the tribe. 281 F.R.D. at 44.

In short, the Unity Council lacks standing to bring motions or assert claims or defenses in federal court on behalf of the Cayuga Nation. <u>See New York v. Jewell</u>, No. 6:08-CV-0644, 2014 WL 841764, at *4 n.8 (N.D.N.Y. Mar. 4, 2014) (Kahn, J.) ("Plaintiffs asserted in their

---

[5]  The parties and proposed intervenors all agree that the issue of whether the Unity Council or the Halftown, Twoguns, Wheeler group <u>should be</u> the governing body cannot be determined by a federal district court and is more appropriately before the BIA or internal channels within the Cayuga Nation. <u>See</u> <u>Shenandoah v. U.S. Dep't of Interior</u>, 159 F.3d 708, 712 (2d Cir. 1998) ("[I]n the absence of an initial determination by the Department, the issue of Oneida leadership, which involves questions of tribal law, is not properly resolved by a federal court."). The only pertinent issue here is the fact that the Unity Council is not currently the federally recognized governing body. The propriety of that fact is not before this court.

Objections that were the IBIA to affirm the decision to recognize [the Unity Council], the Halftown Group would lack standing to bring the [Cayuga Nation]'s Motion [to Intervene].").

Accordingly, the Unity Council's motion to intervene will be denied.

## IV.  **CONCLUSION**

The Unity Council lacks standing to intervene or assert claims or defenses on behalf of the Cayuga Nation at this time.  Moreover, defendants' pending motion to dismiss asserts substantially similar arguments as the Unity Council seeks to put forth in its own motion to dismiss.

Therefore, it is

ORDERED that

1.  The Cayuga Nation Unity Council's motion to intervene (ECF No. 27) is DENIED; and

2.  The Cayuga Nation Unity Council's motion to dismiss (ECF No. 28) is DENIED as moot, and the Clerk of the Court is directed to strike it from the docket.

IT IS SO ORDERED.

_____
United States District Judge

Dated:  December 19, 2014
          Utica, New York.