**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| CAYUGA NATION AND JOHN DOES 1-20,<br><br>Plaintiffs,<br><br>v.<br><br>HOWARD TANNER, VILLAGE OF UNION SPRINGS CODE ENFORCEMENT OFFICER, IN HIS OFFICIAL CAPACITY; EDWARD TRUFANT, VILLAGE OF UNION SPRINGS MAYOR, IN HIS OFFICIAL CAPACITY; CHAD HAYDEN, VILLAGE OF UNION SPRINGS ATTORNEY, IN HIS OFFICIAL CAPACITY; BOARD OF TRUSTEES OF THE VILLAGE OF UNION SPRINGS, NEW YORK; AND THE VILLAGE OF UNION SPRINGS, NEW YORK<br><br>Defendants. | ) | No.: 5:14-cv-01317-DNH-ATB |

**ORDER TO SHOW CAUSE REGARDING INJUNCTION PENDING APPEAL AND OTHER TEMPORARY INJUNCTIVE RELIEF**

Upon reading and filing the Declaration of John G. Powers, dated May 20, 2015, together with the exhibits annexed thereto; Plaintiff Cayuga Nation's Memorandum of Law in Support of Injunction Pending Appeal, dated May 20, 2015; and John Doe Plaintiffs' Memorandum of Law in Support of Motion for Reconsideration and to Alter Judgment and for Leave to File Amended Complaint, dated May 20, 2015; and upon reading the previously filed Declaration of BJ Radford, dated October 28, 2014, together with the exhibits annexed thereto (located in the Record at ECF No. 5-6); the previously filed Declaration of Clint Halftown, dated October 28, 2014, together with the exhibits annexed thereto (located in the Record at ECF No. 5-8); the

previously filed Declaration of David W. DeBruin, Esq., dated October 28, 2014, together with the exhibits annexed thereto (located in the Record at ECF No. 5-5); the previously filed Declaration of Joshua M. Segal, Esq., dated October 28, 2014 (located in the Record at ECF No. 5-4); the previously filed Complaint and Summons dated October 28, 2014, together with the exhibits annexed thereto (located in the Record at ECF Nos. 1 and 2, respectively); and Plaintiffs' previously filed Memorandum of Law, dated October 28, 2014, together with the exhibits annexed thereto (located in the Record at ECF No. 5-1), it is hereby:

ORDERED, that the Defendants or their attorneys SHOW CAUSE before this Court at the Alexander Pirnie Federal Bldg. and U.S. Courthouse in Utica, N.Y., on May ___, 2015, at __:__, a.m./p.m. or as soon thereafter as counsel can be heard, why an Order should not be issued pursuant to Fed. R. Civ. P. 62(c) and Local Rule 7.1(e):

(a) granting an injunction pending the disposition of the Cayuga Nation's appeal and the John Doe Plaintiffs' motion for reconsideration and to alter judgment and for leave to amend the Complaint, that enjoins the Defendants, their agents, servants and employees and any person acting in concert with them from taking any steps to restrict, interfere with, punish, or otherwise penalize any actions taken by the Cayuga Nation, its officers, its employees, or its other representatives in furtherance of Class II gaming activities at Lakeside Entertainment, including but not limited to any effort to enforce the 1958 "Games of Chance" Ordinance or the Union Springs Zoning Ordinance or to penalize noncompliance with the Orders to Remedy issued.

(b) granting the Plaintiffs such other relief as the Court deems just and proper.

And, it is further:

ORDERED, that service of a copy of this Order, together with a copy of the papers upon which the same is granted, upon Defendants in accordance with Fed. R. Civ. P. 4(i), or otherwise

upon their counsel of record pursuant to Fed. R. Civ. P. 5, on or before _________________, 2015, shall be deemed to be good and sufficient service of this application.

And, it is further: ORDERED, that all papers in opposition to this application shall be filed and served on Plaintiffs by ECF on or before __:__ a.m./p.m. on _______________, 2015, and any reply papers shall be filed and served by Plaintiffs by ECF on or before __:__ a.m./p.m. on _______________, 2015.

And, upon the showing by the Plaintiffs in the above referenced supporting papers that there is an immediate need for temporary relief pending decision on the foregoing injunction hearing in order to prevent immediate irreparable harm, it is further:

ORDERED, that pending a decision by this Court on the application for an injunction, Defendants, their agents, servants and employees and any person acting in concert with them are temporarily restrained from taking any steps to restrict, interfere with, punish, or otherwise penalize any actions taken by the Cayuga Nation, its officers, its employees, or its other representatives in furtherance of Class II gaming activities at Lakeside Entertainment, including but not limited to any effort to enforce the 1958 "Games of Chance" Ordinance or the Union Springs Zoning Ordinance or to penalize noncompliance with the Orders to Remedy issued.

IT IS SO ORDERED

Dated: ____________ , 2015

_________________________________________

The Honorable David N. Hurd
United States District Judge