IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAYUGA NATION<br>AND JOHN DOES 1-20,<br><br>      Plaintiffs,<br><br>      v.<br><br>HOWARD TANNER, VILLAGE OF UNION SPRINGS CODE ENFORCEMENT OFFICER, IN HIS OFFICIAL CAPACITY; EDWARD TRUFANT, VILLAGE OF UNION SPRINGS MAYOR, IN HIS OFFICIAL CAPACITY; CHAD HAYDEN, VILLAGE OF UNION SPRINGS ATTORNEY, IN HIS OFFICIAL CAPACITY; BOARD OF TRUSTEES OF THE VILLAGE OF UNION SPRINGS, NEW YORK; AND THE VILLAGE OF UNION SPRINGS, NEW YORK<br><br>      Defendants. | No.: 5:14-cv-01317-DNH-ATB |

## STIPULATION AND ORDER

WHEREAS, the parties agreed to a Stipulation and Order on November 29, 2016 (ECF No. 80), whose recitals are incorporated by reference herein; and

WHEREAS, the Court "so-ordered" that Stipulation and Order on November 30, 2016 (ECF No. 81); and

WHEREAS, the Stipulation and Order required the parties to report back to the Court within 60 days; and

WHEREAS, the United States Department of the Interior issued a significant decision regarding the Cayuga Nation on December 15, 2016, which the parties are evaluating, and the parties continue to seek to resolve their dispute without further litigation; and

WHEREAS, in entering into this stipulation, neither Plaintiffs nor Defendants intend to compromise or waive any aspect of their respective positions concerning the merits of this case or the appropriateness of preliminary injunctive relief; therefore, it is

**STIPULATED AND AGREED**, between the parties that:

1. Pending a ruling on the merits of Plaintiffs' motion for a preliminary injunction, the temporary restraining order entered by the Court on October 29, 2014 (ECF No. 7) shall remain in effect by Defendants' consent.

2. Further proceedings in this action, including proceedings on Plaintiffs' motion for a preliminary injunction, shall remain stayed to permit the parties to continue to explore ways to resolve this dispute without further litigation.

3. The Cayuga Nation ("Nation") maintains it has the right to conduct gaming activities under the authority of the federal Indian Gaming Regulatory Act ("IGRA") on land owned by the Nation within its historic reservation, without interference from any state or local authority.  Without prejudice to that right, the Nation agrees that, during the 60-day period of the continuation of this stipulation, the Nation shall not open a new gaming facility within the Village of Union Springs ("Village").  Defendants agree they shall not use or cite the terms of this stipulation in any way as a concession by the Nation or as the basis for a contention by Defendants to maintain the "status quo" following the termination of this stipulation.

4. The parties shall report back to the Court within 90 days of the date of this stipulation.

| | |
|---|---|
| Dated: January 31, 2017 | Dated: January 31, 2017 |
| On behalf of Plaintiffs: | On behalf of Defendants: |

By: /s/ David W. DeBruin
    David W. DeBruin (*pro hac vice*)
    JENNER & BLOCK LLP
    1099 New York Ave. NW Suite 900
    Washington, DC 20001

By: /s/ Cornelius D. Murray
    Cornelius D. Murray (Bar No. 505329)
    O'CONNELL AND ARONOWITZ
    54 State Street
    Albany, New York 12207

IT IS SO ORDERED

_____
United States District Judge

Dated: _____, 2017
    Utica, New York

## CERTIFICATE OF SERVICE

I certify that, on January 31, 2017, I caused the foregoing Stipulation and Order to be served on all counsel of record registered with the Court's CM/ECF system.

/s/ David W. DeBruin