# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| CAYUGA NATION AND JOHN DOES 1-20, <br><br> Plaintiffs, <br><br> v. <br><br> HOWARD TANNER, VILLAGE OF UNION SPRINGS CODE ENFORCEMENT OFFICER, IN HIS OFFICIAL CAPACITY; EDWARD TRUFANT, VILLAGE OF UNION SPRINGS MAYOR, IN HIS OFFICIAL CAPACITY; CHAD HAYDEN, VILLAGE OF UNION SPRINGS ATTORNEY, IN HIS OFFICIAL CAPACITY; BOARD OF TRUSTEES OF THE VILLAGE OF UNION SPRINGS, NEW YORK; AND THE VILLAGE OF UNION SPRINGS, NEW YORK <br><br> Defendants. | No.: 5:14-cv-01317-DNH-ATB |

## STIPULATION AND ORDER

WHEREAS, the Court directed the parties to file a status report by September 14, 2018, regarding the ongoing settlement discussions between the parties (ECF No. 92); and

WHEREAS, Plaintiffs filed a status report on September 14, 2018, indicating that the parties had made a commitment to meet again within the next 45 days, and would report to the Court by October 29, 2018 (ECF No. 93); and

WHEREAS, the parties met in person on October 24, 2018, with principals for each party in attendance; and

WHEREAS, the meeting was productive, and the parties represent that progress was made toward reaching a potential resolution of the instant litigation; and

WHEREAS, the parties need and respectfully request additional time to attempt to reach such a resolution, and commit to continue to make zealous efforts to do so; and

WHEREAS, the parties appreciate the patience and accommodations of the Court to allow them to attempt to reach a resolution of the instant litigation; therefore, it is

**STIPULATED AND AGREED**, between the parties that:

1. Pending a ruling on the merits of Plaintiffs' motion for a preliminary injunction, the temporary restraining order entered by the Court on October 29, 2014 (ECF No. 7) shall remain in effect by Defendants' consent.

2. Further proceedings in this action, including proceedings on Plaintiffs' motion for a preliminary injunction, shall remain stayed to permit the parties to continue to explore ways to resolve this dispute without further litigation.

3. The Cayuga Nation ("Nation") maintains it has the right to conduct gaming activities under the authority of the federal Indian Gaming Regulatory Act ("IGRA") on land owned by the Nation within its historic reservation, without interference from any state or local authority.  Without prejudice to that right, the Nation agrees that, during the 60-day period of the continuation of this stipulation, the Nation shall not open a new gaming facility within the Village of Union Springs ("Village").  Defendants agree they shall not use or cite the terms of this stipulation in any way as a concession by the Nation or as the basis for a contention by Defendants to maintain the "status quo" following the termination of this stipulation.

4. The parties shall report back to the Court within 90 days of the date of this stipulation.

| Dated: October 26, 2018 | Dated: October 26, 2018 |
|---|---|
| On behalf of Plaintiffs: | On behalf of Defendants: |
| By: /s/ David W. DeBruin<br>David W. DeBruin (*pro hac vice*)<br>JENNER & BLOCK LLP<br>1099 New York Ave. NW Suite 900<br>Washington, DC 20001 | By: /s/ Chad R. Hayden<br>Chad R. Hayden<br>OFFICE OF CHAD R. HAYDEN<br>38 State Street<br>Pittsford, New York 14534 |

IT IS SO ORDERED

_____
United States District Judge

Dated: _____, 2018
      Utica, New York