# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| CAYUGA NATION AND JOHN DOES 1-20, ) ) ) ) Plaintiffs, ) ) v. ) ) HOWARD TANNER, VILLAGE ) OF UNION SPRINGS CODE ENFORCEMENT ) OFFICER, IN HIS OFFICIAL CAPACITY; ) EDWARD TRUFANT, VILLAGE OF UNION ) SPRINGS MAYOR, IN HIS OFFICIAL ) CAPACITY; CHAD HAYDEN, VILLAGE OF ) UNION SPRINGS ATTORNEY, IN HIS ) OFFICIAL CAPACITY; BOARD OF ) TRUSTEES OF THE VILLAGE OF UNION ) SPRINGS, NEW YORK; AND THE VILLAGE ) OF UNION SPRINGS, NEW YORK ) ) Defendants. ) ) | No. 5:14-cv-1317-DNH-ATB |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION
TO MODIFY PRETRIAL SCHEDULE TO ALLOW CASE TO BE RESOLVED
WITHOUT TRIAL**

Pursuant to Local Rule 7.1(a) and Fed R. Civ. P. 15(a)(2), Plaintiffs and Defendants file this memorandum of law in support of their joint motion seeking to establish a schedule to govern the orderly progress of this case. As the Court knows, this case was paused after the Second Circuit's 2016 decision reversing this Court's judgment dismissing the case, as the parties attempted to reach a negotiated resolution. On March 27, 2019, the Court directed that this matter move forward and set a trial date of July 23, 2019. Now that the

case is proceeding, the parties have agreed on steps that will promote the case's fair and efficient resolution—which the parties agree can be resolved without trial.

First, before this case can move forward, the pleading stage must be finished. When the Court initially dismissed this case, it found that Plaintiffs lacked standing—either to pursue claims on behalf of the Cayuga Nation ("Nation") or the claims brought by unnamed John Doe plaintiffs. On reconsideration, Plaintiffs sought to file an amended complaint identifying the individual plaintiffs, but the Court denied the motion on the ground that these individuals—even if identified—would lack standing. ECF No. 67 at 6-7. The Court, however, stressed that its order "would not preclude plaintiffs from seeking to amend the complaint" were the case "reinstated following … appeal." *Id.* at 7 n.4. And in fact, when the Second Circuit reinstated the case and found that both the Nation and the individual plaintiffs had standing, it relied on allegations in the proposed amended complaint that Plaintiffs had attempted to file. ECF No. 70 at 11, 20. Now, as contemplated by the Court's previous order, Plaintiffs are filing an amended complaint to identify John Does 1-7 as Clint Halftown, Timothy Twoguns, Gary Wheeler, Donald Jimerson, Michael Barringer, Richard Lynch, B.J. Radford, as well as to update the complaint's factual allegations in light of the passage of time and to add appropriate further detail in support of certain allegations in the complaint.

Meanwhile, because this Court previously granted Defendants' motion to dismiss, Defendants have never answered any complaint in this case. As a result, Defendants have not identified which allegations in the complaint they admit and which they deny. In addition, Defendants have indicated they wish to file a counterclaim challenging whether the Cayuga Nation currently has a "reservation," an issue that has been addressed and

1

resolved in other cases. The parties are attempting to agree on a stipulation that would resolve that issue before this Court, based on the resolution of the issue in other cases, while at the same time preserving Defendants' challenge to reservation status in the event the law should change or subsequently be deemed inapplicable to this case. In the absence of a stipulation, this is an issue that Plaintiffs would seek to resolve on a motion to dismiss the counterclaim, which is the same way the issue was resolved in other recent federal litigation. *See Cayuga Indian Nation of N.Y. v. Seneca Cty, N.Y.*, 260 F. Supp. 3d 290 (W.D.N.Y. 2017).

It is therefore in the interest of all parties, and the Court, to allow the pleadings in this case to be completed, which indeed could be important for subsequent reviewing courts as well. The parties agree and propose below to do so expeditiously. Plaintiffs' proposed Amended Complaint is submitted with this motion (Exhibit A), along with a redline showing the changes between Plaintiffs' original Complaint, dated October 28, 2015, and the proposed Amended Complaint (Exhibit B). Defendants have agreed to answer the Amended Complaint expeditiously, within one week, as set forth in the proposed case management schedule set forth below.[1]

Second, the parties agree that the disputed legal issues in this case—which principally concern whether Plaintiffs are entitled to conduct gaming on Cayuga Nation reservation land under the authority of the federal Indian Gaming Regulatory Act, 25 U.S.C. § 2701 *et seq.*—can be resolved on stipulated and/or undisputed facts, and that it

---

[1] Because Defendants have consented to the filing of the amended complaint, leave of the Court is not required. *See* Fed. R. Civ. P. 15(a)(2). But if leave were required, the interests of justice would support granting leave, for the same reasons explained above. *See Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164 (2d Cir. 2015) (leave to amend "should be freely granted when justice so requires" (internal quotation mark omitted)).

will be unnecessary for the Court to conduct any trial.  In order to properly develop a record for the case and for this Court, however, the parties have agreed to exchange highly limited and targeted discovery requests to each other; to produce the requested discovery on an expedited basis; and then to work together collaboratively to attempt to agree on a set of stipulated facts on which the legal issues in the case can be decided.

Therefore, in lieu of the present pretrial schedule, which moved immediately to a trial date of July 23, 2019, the parties jointly propose an orderly and expeditious pretrial schedule on which this case can be resolved on the basis of cross motions for summary judgment.  The parties' proposed schedule still will allow this case to be resolved promptly.  Specifically, the parties request that the Court enter the following pretrial schedule for this case:

- May 21, 2019:  Defendants to file answer to amended complaint.

- May 24, 2019:  Parties to produce documents requested pursuant to limited discovery requests that the parties have already exchanged.

- May 28 to June 7, 2019:  Each party is entitled to conduct up to two depositions but total deposition time is not to exceed 8 hours per side.

- June 14, 2019:  Parties to identify all facts that can be agreed to by stipulation.

- July 15, 2019:  Parties to file simultaneous cross-motions for summary judgment.

- August 14, 2019:  Parties to submit simultaneous response briefs on summary judgment; no replies.

The parties respectfully submit that this approach will most efficiently allow this case to be resolved on the merits, without the need for trial.

## CONCLUSION

For the foregoing reasons, this Court should grant the parties' joint proposed modified pretrial schedule, in lieu of the pretrial schedule presently in place. A proposed order is attached.

DATED: May 15, 2019

| On behalf of Plaintiffs | On behalf of Defendants |
|---|---|
| By:  /s/ David W. DeBruin<br>David W. DeBruin (*pro hac vice*)<br>JENNER & BLOCK LLP<br>1099 New York Ave. NW Suite 900<br>Pi38 State Street<br>Washington, DC 20001 | By:  /s/ David Tennant<br>David Tennant<br>Law Office of David Tennant PLLC<br>3349 Monroe Avenue, Suite 345,<br>Rochester, New York 14618 |